Matter of Prudenti v Suffolk County Legislature (2019 NY Slip Op 05779)





Matter of Prudenti v Suffolk County Legislature


2019 NY Slip Op 05779


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-11517
 (Index No. 9813/16)

[*1]In the Matter of John Scott Prudenti, appellant,
v
Suffolk County Legislature, respondent-respondent, et al., respondent.


Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (John R. Petrowski and George M. Nolan of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a resolution of the Suffolk County Legislature dated October 5, 2016, directing the Suffolk County Board of Ethics to provide the petitioner's financial disclosure statements to the Ways and Means Committee of the Suffolk County Legislature, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 21, 2016. The judgment, insofar as appealed from, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the resolution of the Suffolk County Legislature dated October 5, 2016, directing the Suffolk County Board of Ethics to provide the petitioner's financial disclosure statements to the Ways and Means Committee of the Suffolk County Legislature is annulled.
Suffolk County, as authorized by General Municipal Law § 811(1), has adopted a local law requiring certain county employees to file annual financial disclosure statements with the County Board of Ethics (hereinafter the Ethics Board) (see Code of Suffolk County § 77-10 et seq. ). The Ethics Board is required to review each financial disclosure statement filed with it and determine whether there has been compliance with the disclosure requirements (see id. § 77-13). Suffolk County Administrative Code § A30-4 directs the Ethics Board to maintain the statements and otherwise administer and enforce the financial disclosure requirements.
State law permits local governments to adopt rules and regulations providing for the public availability of the information contained within annual financial disclosure statements (see General Municipal Law § 811[1][c]). The County Code provides that information in financial statements filed with the Ethics Board is not to be considered confidential and is to be made available for public inspection upon written request (see Code of Suffolk County § 77-14[A]).
The County Code provides that an employee, at the time a financial statement is filed, may request that the Ethics Board withhold information from public disclosure on the ground that such disclosure would constitute an unwarranted invasion of privacy or a risk to a person's safety or security (see id. § 77-14[B]). The Ethics Board is required to evaluate such requests, determine [*2]whether to withhold information, provide written notification of its determination to the employee, and not release information until at least 10 days after mailing such notification (see id. ). When the Ethics Board produces a financial statement for public inspection, it is required to notify the employee of the production and of the name of the person to whom it was provided (see id. § 77-14[C]). Even if no request to withhold information from public inspection is made by an employee, the County Code provides that categories of value are confidential and that such information is to be redacted by the Ethics Board before a financial disclosure statement is made available for public inspection (see id. § 77-14[D]).
The petitioner was an assistant district attorney in the Office of the Suffolk County District Attorney and the chief of the vehicular crimes bureau. He was required to, and did, file annual financial disclosure forms with the Ethics Board. It is undisputed that in April 2016, a newspaper published in Suffolk County submitted a request to the Ethics Board for release of the petitioner's financial disclosure statements and that this request was denied by the Ethics Board. The newspaper took no steps to have the Ethics Board's determination reviewed or reconsidered.
On October 5, 2016, the County Legislature adopted a resolution on Procedural Motion No. 21-2016 (hereinafter the resolution) directing the Ethics Board to provide the petitioner's financial disclosure statements, for the period 2000 to the present, to the Ways and Means Committee of the County Legislature by a date certain. The resolution recited that the Ethics Board had "based its denial [of the newspaper's request for the petitioner's financial disclosure statements] on sections of the New York Freedom of Information Law and the United States Code." The resolution stated that the County Code "says that financial disclosure statements are available for public inspection and there appear[ ] to be no exceptions in the law that justify withholding a financial disclosure statement from public inspection." The resolution further expressed that "in enacting the financial disclosure law, it was the intent of this Legislature that financial disclosure statements be available to the public."
The petitioner commenced this CPLR article 78 proceeding to annul the resolution on the basis that the resolution was, inter alia, arbitrary and capricious, an abuse of discretion, and in excess of the County Legislature's authority. The petitioner filed a verified petition and an attorney's affirmation; the only exhibit the petitioner submitted was the resolution. In an order to show cause issued on October 13, 2016, the Supreme Court stayed the public release of the petitioner's financial disclosure statements and required that the statements be submitted to the court, in camera. Thereafter, the County Legislature submitted, in opposition to the petition, a memorandum of law, an amended memorandum of law, and an affirmation of counsel to the County Legislature. In the affirmation submitted by counsel, it was asserted that "members of the County Legislature have stated that the [Ethics] Board's determination was inconsistent with the intent and understanding of the [County] Legislature in enacting the financial disclosure statute." The Ethics Board, named as a respondent, did not appear.
The Supreme Court reviewed the submitted financial disclosure statements and "redacted confidential information to protect the petitioner and his family." In the judgment appealed from, the court, in effect, denied the petition, dismissed the proceeding, and directed the Ethics Board to produce redacted copies of the financial disclosure statements to the Ways and Means Committee of the County Legislature. The Ethics Board was directed to redact the categories of value information as required by the County Code. The County Legislature was thus to receive copies of the petitioner's financial disclosure statements as redacted both by the court and by the Ethics Board. The Ethics Board complied with the court's directive. The petitioner appeals.
The petitioner alleges that the County Legislature adopted the resolution for the purpose of obtaining his financial disclosure statements and releasing them to the public, thus circumventing the Ethics Board's prior denial of a request for public inspection of his statements. The County Legislature does not dispute this assertion; rather, it contends that the petitioner's financial disclosure statements should be available for public inspection in accordance with the provisions of the County Code. On this appeal, the County Legislature asserts that the Ethics Board denied access to the petitioner's financial statements based on federal law and that the Ethics Board [*3]was incorrect for doing so. We observe that the Ethics Board's determination is not contained in the record before us on this appeal.
The County Legislature was established to determine County policies and to exercise other functions as may be assigned to it by law (see Suffolk County Charter § C2-1). The County Legislature exercises the County's powers of local legislation and appropriations (see id. § C2-2). The County Legislature has broad powers to enact local legislation. However, it is fundamental that legislative power does not extend so far as to apply the rules of law to particular cases, as the power to adjudicate the applicability of the law to individual situations is a judicial power (see Marbury v Madison , 1 Cranch [5 US] 137, 177-178). A legislative body may not usurp a court's power to interpret and apply the law to the particular circumstances before it (see Bank Markazi v Peterson , ___ US ___, 136 S Ct 1310, 1322-1323). Thus, it was beyond the authority of the County Legislature to determine that the Ethics Board's decision to withhold the petitioner's financial disclosure statements from public inspection was incorrect and to take it upon itself to obtain the statements and provide for their public release. Put another way, the County Legislature wrongly placed itself in the position of a reviewing court. This is particularly disturbing where the purportedly aggrieved newspaper took no steps to vindicate its rights to disclosure of the financial statements by the Ethics Board.
The County Legislature entrusted to the Ethics Board the responsibility for receiving and resolving requests for access to financial disclosure statements filed with the Ethics Board. The proper remedy for seeking review of a determination to deny public access to a governmental record is to seek judicial review (see Public Officers Law § 89; CPLR art 78), not for the County Legislature to arrogate to itself a judicial function reserved for the courts and the courts alone.
We decline to speculate as to the basis for the Ethics Board's determination and, in any event, in the absence of a judicial proceeding to review that determination, its merits are not properly before us. However, we note our disagreement with the Supreme Court's determination to redact "confidential information to protect the petitioner and his family," though holding that the petitioner's financial disclosure statements were subject to public disclosure. While the Ethics Board is required to redact information pertaining to categories of value from all financial disclosure statements made available for public inspection, the court cited no authority for its decision to make further redactions.
The County Legislature contends that the resolution may be sustained as a valid exercise of its oversight authority. Section A30-8(A) of the County Administrative Code requires that the Ethics Board provide all documents requested by the County Legislature, or an authorized committee thereof, in the exercise of oversight of the Ethics Board. However, the record before us does not reflect that either the County Legislature or its Ways and Means Committee was conducting any oversight of the Ethics Board. Rather, it is undisputed on the record before us that the resolution was adopted for the purpose of circumventing the Ethics Board's determination to deny public release of the petitioner's financial disclosure statements.
Of significance, the resolution did not direct the Ethics Board to provide copies of the Ethics Board's determination on the request for access to the petitioner's financial disclosure statements, any of the Ethics Board's files and papers relating to that request, or any records pertaining to the handling of that request or similar requests for access made in the past. The record reflects that the County Legislature determined, without examining the Ethics Board's determination, that the Ethics Board was wrong and took it upon itself to reverse this specific determination through the enactment of the resolution. Neither federal, state, nor county law countenance such a procedure.
Accordingly, the petition must be granted, and the resolution on Procedural Motion No. 21-2016 adopted by the County Legislature on October 5, 2016, annulled.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court